# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3522
Lower Tribunal No. 2019-CA-015564-O

_____

JUAN A. LOPEZ-CORTES and GENEVIEVE CAUTINO,

Appellants,

v.

AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS and
RANDY WEBER,

Appellees.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Orange County.
Denise Kim Beamer, Judge.

December 13, 2024

WOZNIAK, J.

Appellants Juan A. Lopez-Cortes and Genevieve Cautino appeal the trial court's "Order Granting Defendants' Renewed Motion to Compel Arbitration, Dismiss or Stay Proceedings, and for Attorneys' Fees and Costs," rendered pursuant to a motion filed by Appellees American Family Life Assurance Company of Columbus ("Aflac") and Randy Weber ("Weber"). Finding no error in the court's

rulings concerning the enforceability and severability of the parties' arbitration provision, we affirm that portion of the order compelling arbitration.[1]

To the extent Appellants seek to appeal the portion of the trial court's order finding Aflac and Weber were entitled to their attorneys' fees and costs for bringing the motion to compel arbitration, we dismiss that portion of the appeal for lack of jurisdiction because orders determining entitlement, without setting the amount, are not appealable orders. *See, e.g., Williams v. Williams*, 386 So. 3d 250 (Fla. 5th DCA 2024) ("An order finding entitlement to attorney's fees without setting the amount is a nonfinal, non-appealable order." (citation omitted)); *Valente v. Raissi*, 343 So. 3d 640, 643 (Fla. 2d DCA 2022) ("Because no amount of fees has been ascertained or awarded, we are without jurisdiction to provide appellate relief.").[2]

AFFIRMED IN PART; DISMISSED IN PART.

SMITH and BROWNLEE, JJ., concur.

---

[1] We have jurisdiction to review the order insofar as it compels arbitration. *See* Fla. R. App. P. 9.130(a)(3)(C)(iv) (providing appellate jurisdiction over orders that determine the entitlement of a party to arbitration).

[2] Appellants also argue the trial court's announced intention to dismiss, rather than stay, the cause pending the outcome of that arbitration is incorrect because the applicable provision of the Florida Arbitration Code unambiguously requires that "the court . . . *shall* stay any judicial proceeding that involves a claim subject to the arbitration." § 682.03(7), Fla. Stat. (2023) (emphasis added). Nonetheless, we do not reach the merits of this argument because it is not ripe for our review, as the trial court did not actually dismiss the action in the order under review.

Scott L. Cagan, of GrayRobinson, P.A., Fort Lauderdale, for Appellants.

Dimitry Joffe, of Joffe Law P.C., New York, New York, Pro Hac Vice, for Appellants.

Christopher C. Marquardt, of Alston & Bird, LLP, Atlanta, Georgia, for Appellees.

Alexandra Garrison Barnett, of Alston & Bird, LLP, Atlanta, Georgia, Pro Hac Vice, for Appellees.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED